**In the Matter of Anthony J. WALLINGFORD, Respondent.**

**No. 22S00–0810–DI–568.**

Supreme Court of Indiana.

Nov. 3, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

ing agreed facts and proposed discipline as summarized below:

**Facts:** On September 24, 2008, Respondent pled guilty to one count of Sexual Battery, a Class D felony. He was sentenced to three years, with two suspended, and ordered to report for service of his sentence on October 24, 2008. He will be on probation for two years after his release. On December 11, 2008, the Court entered an order of interim suspension, with the effective date deemed to be October 24, 2008—the beginning date of Respondent's criminal sentence. *See Matter of Wallingford,* 897 N.E.2d 925 (Ind.2008).

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate sanction is Suspension for at least two years, beginning October 24, 2008 (the effective date of his interim suspension), after which he will remain ineligible to seek reinstatement until he successfully completes his term of criminal probation. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state without automatic reinstatement, effective October 24, 2008. Respondent may seek reinstatement two years after the effective date of his suspension or the date he successfully completes his term of criminal probation, whichever is later,** provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur, except DICKSON, J., who dissents.

DICKSON, Justice, dissents, and would reject the Conditional Agreement, believing that the Respondent, by engaging in conduct resulting in his felony conviction, has demonstrated his unfitness to responsibly represent, advise, and serve future clients.